IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY ALTMAN, | ) | 1:09-cv-1000  AWI SMS |
|                 Plaintiff, | ) | |
|     v. | ) | ORDER VACATING THE SEPTEMBER 14, 2009, HEARING ON PLAINTIFF'S MOTION TO REMAND, AND ORDER ON PLAINTIFF'S MOTION TO REMAND |
| HO SPORTS COMPANY, INC., dba HYPERLITE, BEN SIMS, and DOES 1 to 100, | ) ) ) ) | |
|                 Defendants. | ) ) | (Doc. No. 7) |

      This is a state law products liability case that was originally brought in the Kern County Superior Court against Defendant HO Sports Company, Inc. ("HOS").  Plaintiff Jeffrey Altman ("Altman") now moves to remand the case and requests that reasonable attorney's fees be awarded.  Hearing on the motion to remand, as well as Defendant's motion to dismiss, is currently set for September 14, 2009.  The motion, opposition, and reply with respect to the motion to remand have been submitted to the Court.  After reviewing these papers, the Court believes that the matter is suitable for decision without the need for oral argument.  See Local Rule 78-230.  The Court will vacate the motion to remand hearing and instead issue the following order.

## BACKGROUND

    From the representations of the parties, this case stems from the sale to Altman of wakeboard boots manufactured by HOS.  The complaint in this case is on a pre-printed state form that consists mostly of a series of boxes that are checked.  The compliant names only HOS

and Doe defendants, and alleges two state law causes of action – products liability and fraud. On May 8, 2009, in state court, Altman filed an amendment that identified Doe 51 as Ben Sims ("Sims").  The complaint associates Doe 51 with a strict products liability cause of action.  The complaint contains no allegations that tie Doe 51 to the fraud cause of action, rather the fraud cause of action is alleged only against HOS.  See Complaint at pp. 8-9.

On June 8, 2009, HOS removed the case to this Court on the basis of diversity jurisdiction.  HOS is a Washington company and Sims and Altman are California citizens.

On July 7, 2009, Altman moved to remand the case to state court.  HOS filed its opposition and included a declaration by Sims.

*Plaintiff's Argument*

Altman argues that there is no diversity jurisdiction in this case because Sims destroys diversity.  Further, although HOS has indicated that Sims is a "sham" defendant, they refused to acknowledge that Sims was acting in the course and scope of his employment.  Altman also argues that the removal was procedurally defective since Sims did not consent to or join in the removal.  In light of the procedural failure and the lack of complete diversity, remand is appropriate as are reasonable attorney's fees.

Additionally, in reply, Altman points out that Sims filed an answer to the complaint and did not file a motion to dismiss or a motion to strike.  This indicates that Sims has conceded that sufficient facts were pled against him.  Also, while the fraud claim may not have been alleged against Sims, it was Altman's intention to so allege.  The omission can be cured by an amended complaint that will allege fraud directly against Sims.

*Defendant's Opposition*

HOS argues that removal was appropriate and not procedurally defective because Sims is a "fraudulently joined" party.  As Sims's declaration shows, he is the employee of HOS who sold Altman the wakeboard boots.  When Sims sold Altman the boots, Sims was acting in the course and scope of his employment with HOS.  Sims is not a manufacturer, distributor, designer or seller of wakeboard boots.  Under California law, it is clear that a mere employee of a manufacturer cannot be liable for a manufacturing defect under strict products liability.  Because

it is clear that an employee of a manufacturer cannot be liable for strict products liability, no such claim can be stated against Sims and he is a "sham defendant." Further, "sham defendants" need not join a removal petition. Remand should therefore be denied.

*Legal Standard*

28 U.S.C. § 1441(a) reads in relevant part:

> [A]ny civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregard.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

A federal court may exercise jurisdiction over a case through diversity jurisdiction if the amount in controversy is at least $75,000.00 and there is diversity of citizenship. 28 U.S.C. § 1332(a).  The diversity of citizenship must be complete, that is, "each of the plaintiffs must be a citizen of a different state than each of the defendant." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris, 236 F.3d at 1067. "Fraudulent joinder" is a term of art.[1] Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).   The joinder or inclusion of a non-diverse defendant is deemed "fraudulent," and the non-diverse defendant's presence will be ignored for diversity purposes, if the "plaintiff fails to state a cause of action against [the non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials Inc. v. Dow

---

[1] As it is a term of art, fraudulent joinder does not impugn the integrity of the plaintiff or his counsel and does not refer to an intent to deceive.  Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal . 1979).

Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1313; McCabe, 811 F.2d at 1339.  The defendants bear the burden of proving fraudulent joinder and are entitled to present facts that show the joinder or inclusion of the non-diverse defendant is fraudulent, i.e. that the non-diverse defendant cannot be liable on any theory.  See Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1318; McCabe, 811 F.2d at 1339; Meisel v. Allstate Indem. Co., 357 F.Supp.2d 1222, 1225-26 (E.D. Cal. 2005).  There is a general presumption against fraudulent joinder, and fraudulent joinder must be proven by clear and convincing evidence.  Hamilton, 494 F.3d at 1206.  All material ambiguities in state law will be resolved in favor of the plaintiff.  Gray v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004); Green v. Wyeth, 344 F.Supp.2d 674, 681 (D. Nev. 2004).  Remand will be denied if "there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant."  Plute v. Roadway Package Sys., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); see also Meisel, 357 F.Supp.2d at 1225.  Stated differently, if there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand."  Vu v. Ortho-Mcneill Pharm., Inc., 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009); Green, 344 F.Supp.2d at 681.  "In deciding whether a cause of action is stated . . . [courts] will look only to a plaintiff's pleadings to determine removability."  Gardner v. UICI, 508 F.3d 559, 561 n.3 (9th Cir. 2007); Ritchey, 139 F.3d at 1318.  Since the right of removal is determined by the pleadings as they stand when the petition for removal is filed, courts "will not consider the allegations contained in [an] unfiled 'Proposed First Amended Complaint.'"  Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989); see Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264-65 (5th Cir. 1995).  However, a defendant may submit extrinsic evidence, such as declarations, in order to show that a non-diverse defendant was in fact fraudulently joined.  Ritchey, 139 F.3d at 1318.

*Discussion*

The only claim made against Sims/Doe 51 in the complaint is for strict products liability. In California, a "manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably

4

foreseeable way." Soule v. GM Corp., 8 Cal.4th 548, 560 (1994). "The strict liability doctrine derives from judicially perceived public policy considerations, i.e., enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants. Where these policy justifications are not applicable, the courts have refused to hold the defendant strictly liable even if that defendant could technically be viewed as a 'link in the chain' in getting the product to the consumer market." Arriaga v. CitiCapital Commercial Corp., 167 Cal.App.4th 1527, 1535 (2008).

HOS relies largely on Sims's declaration. Sims declares that he is a sales representative for HOS and that, "I am not now, and have never been, engaged in the business of designing, manufacturing, distributing, or selling water sports products, including wakeboard boots." Sims Declaration at ¶¶ 1-2. Sims also declares that he sold the boots to Altman in the ordinary course and scope of his employment with HOS. See id. at ¶ 3. Sims declares that he is not involved in the design or manufacture of the wakeboard boots and that HOS's wakeboard boots would be manufactured and distributed irrespective of Sims. See id. at ¶ 4. Finally, Sims states that he does not carry insurance relating to his sale of HOS products. See id. at ¶5. Altman does not present contrary evidence.

In light of Sims's declaration, the Court must conclude that the complaint fails to state a viable claim against Sims. Sims does not fit into the category of defendants that are held liable for products liability, rather he is simply a salesman in the employ of HOS. See Soule, 8 Cal.4th at 560. Further, as a sales employee of the product manufacturer, the Court does not see how the policies underlying strict products liability (enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants) would be furthered by applying the doctrine to Sims. See Arriaga, 167 Cal.App.4th at 1535. Finally, Altman has presented no California cases that have held a manufacturer's salesman liable under a strict products liability theory. Therefore, the complaint "fails to state a cause of action against [Sims], and the failure is obvious according to the settled rules of [California]." Hamilton Materials, 494 F.3d at 1206; Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1313; McCabe, 811 F.2d at 1339; Meisel, 357 F.Supp.2d at 1225-26; Plute, 141 F.Supp.2d at 1008.

Altman's arguments regarding Sims are not persuasive.  Although HOS's conduct relative to Sims's status may not have been as forthcoming or clear as possible, HOS cannot claim that Sims was not acting in the course and scope of his employment with HOS in light of its representations and filings in opposition to remand.  Further, although Sims filed an answer instead of a motion to dismiss or a motion to strike, Sims has alleged as an affirmative defense that the complaint fails to state a claim against him.  See Court's Docket Doc. No. 17 at ¶ 64.  The defense of a failure to state a claim may be raised in a pleading or a separate motion.  See Fed. R. Civ. Pro. 12(b), (I).  That Sims chose to list the defense in his answer instead of filing a separate motion does not mean that he has conceded the validity of the strict products liability claim against him.  Finally, although Altman's counsel indicates that he intended to allege a fraud claim against Sims and that an amended complaint would cure this defect, the propriety of removal is determined by the complaint as it existed at the time of removal.  See Kruso, 872 F.2d at 1426 n.12.  At the time of removal, Sims had been identified as Doe 51 and the fraud allegations do not include Doe 51; rather, fraud is alleged only against HOS.  See Complaint at pp. 7-8.  Altman's intended amendment to allege fraud directly against Sims does not change the fraudulent joinder analysis.  See Cavallini., 44 F.3d at 264-65; Kruso, 872 F.2d at 1426 n.12.

With respect to the procedural irregularity identified by Altman, Sims's failure to join the removal is not a procedural defect.  The rule that all defendants in a state court action must join in a petition for removal does not apply to nominal, unknown, or fraudulently joined parties. Emerich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  Since Sims was "fraudulently joined," it was unnecessary for Sims to join in the removal notice.

Finally, since the only bases for remand that were identified by Altman are defeated by Sims's status as a "fraudulently joined" defendant, the case will not be remanded and the Court will not award Altman attorney's fees under 28 U.S.C. § 1447.

## CONCLUSION

HOS has overcome the presumption against "fraudulent joinder."  The only claim alleged against Sims, by virtue of his identification by Altman as Doe 51, is strict products liability.

However, because HOS has established that Sims was employed as a salesman by HOS, Sims sold the wakeboard boots to Altman in the course and scope of his employment with HOS, and Sims is not a manufacturer, distributor, or retailer of wakeboard boots, the complaint does not allege a viable strict products liability claim against Sims.  As a fraudulently joined defendant, Sims's citizenship will not be considered for purposes of diversity jurisdiction, and Sims's failure to join in the removal notice is not a procedural defect.  As such, remand and attorney's fees under 28 U.S.C. § 1447 are not appropriate.

      Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to remand that is currently set for September 14, 2009, is VACATED; and
2. Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

**Dated:   August 20, 2009**                    /s/ Anthony W. Ishii
                                                            CHIEF UNITED STATES DISTRICT JUDGE