IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALTMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>HO SPORTS COMPANY, INC.,<br>dba HYPERLITE, and DOES 1 to 100,<br><br>        Defendants.<br>_____ | Case No.: 1:09-cv-01000 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>(Doc. 55) |

      The plaintiff Jeffrey Altman ("Plaintiff") seeks an order compelling production of documents by HO Sports Company, Inc., ("Defendant") alleging Defendant has failed to perform a good faith search for responsive documents. (Doc. 55) Defendant opposes this motion. (Doc. 58)

      On August 30, 2010, the Court heard argument regarding this motion. The Court has read and considered the pleadings and arguments of counsel. For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to compel.

### Factual and Procedural Background

      Plaintiff alleges causes of action for products liability and failure to properly test and warn. (Doc. 55-1) Plaintiff propounded a request for production of documents on October 22, 2009. (Doc.

1

55-1) Defendant replied November 24, 2009, but did not produce documents until December 7, 2009. (Id.) Plaintiff filed this current motion on July 30, 2010. (Doc. 55-1) Defendant filed a statement in opposition on August 20, 2010. (Doc 58) "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents" ("Reply") was filed on August 23, 2010. (Doc. 59) Defendant filed a sur reply on August 24, 2010. (Doc. 60)

Counsel for Plaintiff contends, largely, that the production was insufficient because he was not convinced that all potential sources for documents had been searched. Defendant asserts that the search has included all locations where information sought are maintained. However, Defendant admits that it has not searched the e-mail accounts for employees who are no longer employed by Defendant.

## Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 427 U.S. 340, 351 (1978).

## Requests for Production of Documents

A propounding party may request documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the

form or forms in which electronic information can be produced. Fed.R.Civ.P. 34(b). A request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'" Kidwiler v. Progressive Paloverde Ins. Co., 192. F.R.D. 193, 202 (N.D. W. Va. 2000), quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992); see also 2 Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed.R.Civ.P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed.R.Civ.P. 34(b)(2)(A)-(B). Boilerplate objections to a request for a production are not sufficient. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd, 189 F.R.D 281, 283 (C.D. Cal. 1998), citing Nestle Food Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990). It follows that, where a party objects on the grounds of vagueness and ambiguity, he has the burden to demonstrate the vagueness or ambiguity by setting forth specific facts in support of its objection. See id; see also Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 298 (E.D. Pa. 1980). Finally, if a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of documents. Fed.R.Civ.P. 37(a)(3)(B)(iv).

**Analysis**

The parties did not file a joint statement, but it appears from Plaintiff's "Memorandum of Points and Authorities in Support Plaintiff's Motion to Compel" (Doc. 55) and the Defendant's

"Statement re: Plaintiff's Motion to Compel" (Doc. 58) that all the requests for discovery from "Plaintiff's Request for Production and Copying of Documents, Set One" are in dispute.[1]

### Request No. 1

Plaintiff requested documents "relating or referring to any claims or complaints" made relating to the 2008 Atlas Boots. Defendant objected that the term "claim or complaint" is vague and ambiguous, and the request was overly broad and unduly burdensome "[t]o the extent the request asks for documents relating to claims or complaints without regard to whether the claim or complaint related to safety or an injury involving a Hyperlite Atlas [W]akeboard Boot." Defendant argued that discovery must be focused on actual claims and defenses involved in the action, so claims and complaints must relate to injuries or they are otherwise irrelevant. Defendant would only provide documents relating to injury complaints. However, Defendant said there were no such complaints other than by Plaintiff, and therefore it would not be providing any responsive documents.

The request sought "any claims or complaints" regarding the 2008 Atlas Boot, not just those leading to an injury. Based upon the allegations of the Second Amended Complaint, the Court finds that these documents, if they exist, may reasonably address the design of the boot. Although the Court agrees with Defendant that such claims or complaints must be related either to the ability of the boot to release from the wakeboard and/or to the stiffness of the boot, the Court does not find that the request is reasonably interpreted to exclude documentation of non-injury claims or complaints.

The motion to produce documents responsive to Request No. 1 is **GRANTED**. The documents to be produced will be limited to claims or complaints regarding the "release ability" of the boot issued in August 2007 ("the 2008 Atlas boot") and/or regarding the boot's stiffness. In

---

[1] As noted by the Court, determining this motion was complicated by the failure of the parties to compile one joint statement. Likewise, the parties failed to cite to their exhibits in the body of their substantive arguments. The Court will not again seek out the parties' evidence to determine the merits of their motions. The parties are obligated to cite to their evidence and analyze their evidence in their arguments. Any future motion that fails in this regard will be dropped from the Court's calendar.

Given the nature of the dispute here, no future dispute between the parties will be heard <u>unless</u> the parties meet and confer in good faith <u>and</u>, if this does not resolve the dispute, participate in a telephonic review of the dispute with the assigned Magistrate Judge.

particular, the Defendant is ordered to search the e-mail files of all current and former employees, employed at any time during the period of August 2007 through today, for any claim or complaint where no injury was involved. Also, the Defendant is ordered to search the e-mail files of former employees employed at any time during the period of August 2007 through November 2009, for e-mails discussing claims or complaints about the 2008 Atlas boot at issue were an injury was involved. Finally, the Defendants are ordered to perform a search using the warranty number ( referred to by counsel as the "RA number") assigned to the 2008 Atlas boot.

Request No. 2

Plaintiff requested documents "relating or referring to internal discussions or correspondence relating to the subject part." First, Defendant objected that the terms "internal discussions and correspondence" are vague and ambiguous. Second, Defendant objected that the request was overly broad and burdensome, saying, "As framed, the request would conceivably request HO Sports to search for and produce every document that makes any reference to a Hyperlight Atlas Wakeboard Boot, especially given the broad definition that is given to the term document."

In letters dated April 13 and April 30, 2010, Plaintiff clarified this request. The April 13, 2010, letter indicated that through this request, Plaintiff intended to target all "sales documents, including invoices, bills of lading, correspondence (including e-mails to) sales staff, representatives, distributors, etc." (Ex. I to Plaintiff's Motion) This clarification indicated also that Plaintiff sought correspondence related to "the production, manufacturing, distribution [and the] decision to stop manufacture of the subject product," communications about injuries sustained by users of the product and all records documenting the "design, specification, manufacturing and distribution of the subject part, including all generations of such documents which show any changes in the design from initial concept through final product." Id.

The April 30, 2010, letter crystalized the clarification to include "all documents, including invoices, bills of lading, correspondence (including emails) to sales staff, representatives, distributor, etc." (Ex. K to Plaintiff's Motion)

The Court agrees that the phrase "internal discussions or correspondence" is vague, ambiguous and overbroad. The "clarifications" did little to cure these problems. Moreover, rather

than attempting to narrow the information sought, the clarifications significantly broadened the already overbroad request.  As framed, the request seeks every document created by Defendant related to the 2008 Atlas Boot no matter the topic of the document.  Plaintiff fails to offer any explanation how, for example, bills of lading bear on the issues set forth in the Second Amended Complaint.  Also, he fails to provide any analysis of his position and, instead, seems to assert only that Defendant failed to conduct an exhaustive search for the requested document.  However, this places the cart before the horse.  Under Fed.R.Civ. P. 34(b)(1)(A), a request for production must describe an item "with reasonable particularity," which requires the responding party to give reasonable notice of what is required.  <u>Chatman v. Felker</u>, CIV S-03-2415 JAM KJM P, 2009 U.S. Dist. LEXIS 4747, at *19 (E.D. Cal. January 23, 2009), <u>citing</u> <u>Bruggeman v. Blagojevich</u>, 219 F.R.D. 430, 436 (N.D. Ill. 2004).  Plaintiff's request failed to do this.  Moreover, although Defendant raised meritorious objections to the request, in his motion, Plaintiff fails to offer any analysis as to why these objections fail.

Because Plaintiff has failed to state with reasonable particularity the information sought and, most notably, failed to limit the request to issues outlined by the Second Amended Complaint, the motion to produce documents responsive to Request No. 2 is **DENIED**.

<u>Request No. 3</u>

Plaintiff requested documents "relating or referring to the original design."  Defendant objected first that the term "original design" is vague and ambiguous, and second that the request is overly broad and unduly burdensome in requiring a search for all documents referencing the 2008 Atlas Boot.

The Court finds that request is vague and ambiguous.  Notably, Defendants report that the Atlas Boot manufactured in 2008 was a later generation of the 3DS Boot, which was Defendant's "original" boot first introduced in 2005.  After this boot, Defendant produced the 2006 and 2007 versions of the 3DS Boot before producing the 2008 Atlas Boot.  Given this, it is not clear whether the request seeks documents related to the 3DS Boot or the 2008 Atlas Boot or some other boot made in the interim.  If the request seeks all of these designs, it is overly broad.  Moreover, the Court

1  cannot determine whether Plaintiff seeks the record that documents the first time a design sketch was
2  made as to one of these boots or the design that was used, ultimately, to produce the boot.
3      On the other hand, Defendant asserted that it "diligently searched for and produced all
4  responsive documents" by producing copies of design drawings.  However, in the Reply, Plaintiff
5  provided evidence that Defendant produced only the final "layer" of the boot design, and that other
6  layers were not produced.  In <u>Evans v. Tilton</u>, the Court ruled the defendants had adequately
7  responded to a request for production where the plaintiff failed to present "a sufficient
8  showing...which creates a reasonable belief that more information exists.  <u>Evans v. Tilton</u>, 1:07-CV-
9  01814-DLB, 2010 U.S. Dist. LEXIS 36953, at *8 (E.D. Cal. March 18, 2010).
10     Because Defendant's counsel agreed to produce all layers of the drawings attached as
11  Exhibits B, C & D of Plaintiff's Reply, the motion to produce documents responsive to Request No.
12  3 is **GRANTED**.
13         <u>Request No. 4</u>
14     Plaintiff requested documents relating or referring to changes in the design of the 2008 Atlas
15  Boot.  Defendant responded that no changes were made to the design after it was first introduced
16  beyond graphics, and there were not documents to produce.  The Court finds that the same issues
17  that plague Plaintiff's Request No. 3 are found with this request.  Once again, it was not clear when
18  what design changes were sought by Plaintiff, such as the changes from the 3DS Boot which then
19  became the 2008 Atlas Boot, or changes to the 2008 Atlas Boot itself.
20     Because the request is vague and ambiguous, the motion to produce documents responsive to
21  Request No. 4 is **DENIED**.
22         <u>Request No. 5</u>
23      Similar to Request No. 3, Plaintiff requested documents relating to the "original
24  specifications" of the 2008 Atlas Boot. Defendant objected on the grounds that the term "original
25  specifications" is vague and ambiguous, and that the request was overly broad and unduly
26  burdensome.
27     The company provided drawings and documents relating the 2008 Atlas Boot.  Plaintiff
28  argued it sought all documents "including notes regarding design and production, manufacturing

7

decisions, production, etc." Defendant responded that such a request made this identical to Request No. 3. The Court agrees that the request is a duplicate.

The motion to produce documents responsive to Request No. 5 is **DENIED**.

### Request No. 6

Plaintiff requested documents "relating or referring to any changes or amendments to the specifications" in the 2008 Atlas Boot. Defendant responded that there were no changes after it was first introduced. Again, Plaintiff did not provide any evidence that a change was made in the 2008 Atlas Boot.

The motion to produce documents responsive to Request No. 6 is **DENIED**.

### Request No. 7

This request was for all documents "relating to or referring to any supplier that provided any part" incorporated into the 2008 Atlas Boots. Defendant objected that this request is overly broad, burdensome, and oppressive to the extent that it would have to search for all documents making a reference to Playmaker Co., LTD, the company that manufactures and supplies the 2008 Atlas Boots. Further, Defendant explained that the same company manufactures a number of Defendant's products, and "this request would result in the production of voluminous documents that would have absolutely nothing to do with the Atlas Boot." Plaintiff failed to state with reasonable particularity what he was seeking within the documents referencing any part from any supplier for the 2008 Atlas Boot.

Because the request was overly broad, the motion to produce documents responsive to Request No. 7 is **DENIED**.

### Request No. 8

Plaintiff requested documents relating to any testing performed on the 2008 Atlas Boot. Defendant responded that it was not aware of any documents relating to testing. However, Plaintiff asserted in its contentions: "In Defendant's responses to Special Interrogatory number 7, they indicated that a series of testing is done on wakeboard boots, including sending them to 'several key professional riders, who perform dynamic on-the-water testing and provide feedback.'" Defendant argued that there is no established protocol for testing, and that generally the feedback is verbally

communicated. However, Defendant's employee Joseph Tomascheski stated he takes notes during the conversations with the riders: "usually I have a notepad on my desk that I'll write down on." (Ex. 10 to Defendant's Statement, 91: 20-24) When receiving feedback, Thomas Curtin stated "[I]f there was any questions, comments, or concerns, I would usually bring it to our head of R&D... Nine times out of ten I'd probably walk down and have a face-to-face conversation." (Curtin Depo. at 42: 17-24) Defendant argued that any notes regarding testing were not produced because they related to the 3DS Boot, rather than the 2008 Atlas Boot. Further, Curtain confirmed that there was no attempt made by the company to elicit on-the-water feedback for the 2008 Atlas Boot, as testing on the basic boot had been completed on its predecessor, the 3DS Boot. (Id. at 38:24- 39:2)

Because the evidence demonstrates that testing was not performed on the 2008 Atlas Boot, the motion to produce documents responsive to Request No. 8 is **DENIED**.

### Request No. 9

Plaintiff sought documents "relating to failures of the design" of the 2008 Atlas Boots. Defendant replied that it was not aware of any failures and did not have any responsive documents. Plaintiff countered that Defendant cannot respond in this manner until after undertaking "a good faith, diligent inquiry" into its records. In response, Defendant argued its representatives had first-hand knowledge whether customers alleged failures, and these representatives testified that no claims were made by the customers.

The motion to produce documents responsive to Request No. 9 is **GRANTED**. The documents to be produced will be limited to claims or complaints regarding the "release ability" of the 2008 Atlas Boot and/or regarding the boot's stiffness. In particular, the Defendant is ordered to search the e-mail files of all current and former employees, employed at any time during the period of August 2007 through today, for such records. Also, the Defendants are ordered to perform a search using the warranty number (referred to by counsel as the "RA number") assigned to the 2008 Atlas Boot.

### Request 10

Plaintiff sought documents "relating to complaints of the design" of the 2008 Atlas Boots. Defendant referenced its argument from Request No. 1, which sought documents relating to any

complaints. However, in that response, Defendant did not mention whether or not it has received any claims or complaints regarding design; it only discussed injury complaints.

The motion to produce documents responsive to Request No. 10 is **GRANTED**. The documents to be produced will be limited to complaints regarding the "release ability" of the 2008 Atlas Boot and/or regarding the boot's stiffness. In particular, the Defendant is ordered to search the e-mail files of all current and former employees, employed at any time during the period of August 2007 through today, for such records. Also, the Defendants are ordered to perform a search using the warranty number (referred to by counsel as the "RA number") assigned to the 2008 Atlas Boot.

<u>Request No. 11</u>

Plaintiff requested documents "for the purpose of advertising the [Altas Boots] to the public, including but not limited to brochures, flyers [sic], emails, web page designs, and layouts." Defendant objected that this request is overly broad and burdensome. Subject to the objection, Defendant produced copies of brochures used to advertise the 2008 Atlas Boots. In addition, Defendant produced brochures for the 2006 and 2007 model years that advertised the 2008 Atlas Boot's predecessor. The director of marketing testified that the documents produced represent Defendant's advertising of the 3Ds and 2008 Atlas Boots, but he also stated that the company advertises via a web page that was not supplied to Plaintiff as it contains the same information as the brochure.

In support of the motion to compel further documents, Plaintiff provided a portion of a deposition by an employee of Defendant, Benjamin Sims, who stated he possibly had documents relating to brochures, fliers, emails, and web page design for the 2008 Atlas Boots, but had not been asked to search for them. (Ex. N to Plaintiff's Motion) However, there is no indication that these documents, if they exist are different from those documents already produced. In fact, Defendant has asserted that it has produced all responsive documents and denies that it has any additional documents whether in their paper or electronic form.

In addition, at his deposition, Gregory Dick produced, in response to a deposition production request identical to the one here, all of the documents in Defendant's possession on this topic. (Ex. F to Plaintiff's Reply). Moreover, he testified that, "On this particular product...there is not any

particularly like eBlast or direct marketing pieces created." (Exhibit 11 to Defendant's Statement, 102: 21-23).

The motion to produce documents responsive to Request No. 11 is **DENIED**.

### Request No. 12

With this request, it appears Plaintiff narrowed the communications request previously made by seeking all documents "relating or referring to any communications to or from you in relation to any injuries by any person while using" the 2008 Atlas Boots. Defendant objected that this request is vague and ambiguous, and restated the company had not received any injury claims or complaints regarding the 2008 Atlas Boots other than from Plaintiff. In its contentions, responding to Plaintiff's demand that they search for such documents, Defendant added that the corporate representative had not received any injury or complaints.

Once again, Plaintiff has not provided any evidence that such documents exist for Defendant to produce. The motion to produce documents responsive to Request No. 12 is **DENIED.**

### Request Nos. 13-14, 15-16[2]

Plaintiff requested the face page for any lawsuit filed against Defendant relating to 2008 Atlas Boots; Plaintiff also sought documents produced by Defendant in any litigation relating to 2008 Atlas Boots related to any payments made by Defendant to any individual for injuries incurred while using 2008 Atlas Boots, and related to any settlements entered by Defendant with an individual for injuries incurred while using 2008 Atlas Boots.

Defendant responded to Request No. 13 that the only lawsuit filed related to the 2008 Atlas Boot was by Plaintiff. In referencing the response to Request No. 13 for Requests Nos. 14-16, Defendant implied there had been no litigation, payments for injuries, or settlements with other individuals. Though Plaintiff seeks information regarding past litigation and settlements, none exist.

At the hearing on this Motion, Plaintiff withdrew the motions for Request Nos. 13-14. The motion to produce documents responsive to Request Nos. 15-16 is **DENIED.**

///

---

[2] Defendant responded to Requests No. 14-16 saying, "HO Sports is not aware of any documents responsive to this request. Please see HO Sports' response to Request No. 13. For this reason, these four requests will be discussed together.

Request Nos. 17a and 17b

Plaintiff requested the production of documents relating to the discontinuation of the sale (No. 17a) and manufacture (No. 17b) of the 2008 Atlas Boots. Defendant initially responded with the statement that the company "is not aware of any documents" relating to the discontinuation. Plaintiff argued that as the 2008 Atlas Boot was only sold in 2008, and production and sales ceased after 2008, "[i]t follows that there should be documentation of such decision to discontinue the part, and steps taken to carry out the discontinuation." Since the filing of this motion Defendant located two documents related to the discontinuation of the 2008 Atlas Boot and these have been produced to Plaintiff.

The motion to produce documents responsive to Request Nos. 17a and 17b is **GRANTED**. The Defendant is ordered to search the e-mail files of all current and former employees, employed at any time during the period of August 2007 through August 2008, for responsive records.

Request Nos. 18- 19[3]

In Request No. 18 and No. 19, Plaintiff asked for documents relating to inspections performed by Defendant and quality control for the 2008 Atlas Boots. Defendant objected that Request No. 18 was vague and ambiguous, but that the company "is searching for documents that may be responsive to this request." Later, Defendant stated it was not aware of any responsive documents and had not located any while searching. Further, Defendant argued the request is not related to the Second Amended Complaint; "[c]onsequently, in the context of this lawsuit, any documents that Defendant might locate would be meaningless and irrelevant."

The requests for further production of documents responsive to Requests No. 18-19 were withdrawn at the hearing.

Request No. 20

Plaintiff requested documents relating to any patents used in or relating to the 2008 Atlas Boots. Defendant responded, "HO Sports is not aware of any patents relating to the Hyperlite Atlas Wakeboard Boot." Plaintiff raised his contentions from Request No. 1 once again, which prompted

---

[3] In responding to Request No. 19, both Defendant and Plaintiff referred to their responses to Request No. 18. For that reason, the two requests will be discussed together.

Defendant to argue, "Plaintiff's reference to his contentions in support of Request No. 1 does not support his request for further response to this request. Indeed, Request No. 1 had nothing to do with patents, and Request No. 20 has nothing to do with claims or complaints."

Plaintiff withdrew the motion for further production of documents at the hearing.

### Request for Attorneys Fees

Plaintiff seeks an award of attorneys fees in the amount of $4,350 to compensate Plaintiff for the time spent in conferring about this dispute and in bringing and prosecuting this motion.

To determine the propriety of awarding attorneys fees, Federal Rules of Civil Procedure 37(a)(5)(C) places this determination within the discretion of the Court. This Rule provides, in pertinent part: "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Considering all of the circumstances, including the content of the production requests, the Defendant's responses and objections, the limited success Plaintiff received on this motion and the burden placed on the Court due to the failure of both parties to cite to their evidence to support their respective positions as to each request, the Court will not order the imposition of monetary or other sanctions nor issue any protective order.

### ORDER

Based on the foregoing, the Motion to Compel Production of Documents (Doc. 55) is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion to Compel Production for Requests 1, 3, 9, 10, 17a, and 17b is **GRANTED**.
2. As to all remaining requests, the motion is **DENIED**.
3. The Defendant is ordered to produce immediately any responsive documents found or provide immediately a certification that no responsive documents have been located. The Defendant is ordered to produce all responsive document and/or certifications that no documents have been located no later than October 1, 2010.
4. The request for attorneys fees is **DENIED.**

5.   No future motion to compel in this case will be heard unless the parties meet and confer in good faith and, if this does not resolve the dispute, participate in a telephonic review of the dispute with the assigned Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to other counsel and the court.  To schedule a telephonic conference, the parties are ordered to contact Courtroom Deputy Clerk, Alan Leon-Guerrero at (661) 326-6620.

IT IS SO ORDERED.

Dated:   **August 31, 2010**                                          **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE