IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALTMAN,<br><br>          Plaintiff,<br><br>   v.<br><br>HO SPORTS COMPANY, INC.,<br>dba HYPERLITE, and DOES 1 to 100,<br><br>          Defendants.<br>_____ | Case No.: 1:09-cv-01000 AWI JLT<br><br>ORDER DENYING REQUEST TO MODIFY SCHEDULING ORDER<br><br>(Doc. 72) |

      Before the Court is the parties' fourth request to modify the amended Scheduling Order dated June, 16, 2010, to extend the deadlines by which joint expert disclosure and joint expert rebuttal will occur.

      The third stipulation to regarding the Scheduling Order dated July 26, 2010, sought to modify the dates by which expert disclosure/rebuttal expert disclosure would occur without consideration of the expert discovery cut-off on October 1, 2010 or the dispositive motion filing deadline on October 15, 2010. As a result, the stipulated request was denied in part. The current stipulation suffers from the same infirmity.

1

Notably, the parties request that the rebuttal disclosure occur on September 30, 2010, only one day before the expert discovery deadline and a mere 15 days before the dispositive motion filing deadline. Clearly, these proposed dates are unworkable unless, of course, the parties intend to forego expert discovery. Because they fail to make this assertion in their stipulation, the Court is loathe to assume that this is the situation. In addition, the parties fail to explain in their stipulation why the modification is needed. Although they note that Plaintiff's motion to amend is scheduled to be heard on September 14, 2010, how this motion impacts the expert disclosure is not explained.[1]

Pursuant to Fed. R. Civ. P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders "are the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3 Cir. 1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). They may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). Moreover, the Scheduling Order issued in this case reads, "Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested." (Doc. 47)

A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson, at 610. Accordingly, IT IS HEREBY ORDERED that request to modify the Scheduling Order is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 1, 2010**                                    /s/ Jennifer L. Thurston
                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] As noted, the Court has granted, at least in part, each of three prior stipulations to modify the Scheduling Order. In doing so, the Court did not agree, nor did the parties seek the Court's agreement, to modify other impacted dates. If the parties intended to seek modification of these dates in order to force modification of others, this tactic was wildly misguided. On the other hand, if the parties failed to consider how previously granted modifications would impact other case management dates, this was an unfortunate oversight by the parties.