IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALTMAN,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>HO SPORTS COMPANY, INC.,<br>dba HYPERLITE, and DOES 1 to 100,<br><br>　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01000-AWI- JLT<br><br>ORDER DENYING LEAVE TO FILE<br>AMENDED COMPLAINT<br><br>(Doc. ) |

　　　Before the Court is Plaintiff, Jeffrey Altman's, motion for leave to file his Third Amended Complaint. Plaintiff seeks to add claims for false advertising, negligent misrepresentation, and intentional misrepresentation. Defendant opposed this motion (Doc. 75) and on September 14, 2010, the Court heard the argument of counsel.

　　　The Court has read and considered the pleadings and arguments of counsel. For the reasons discussed below, Plaintiff's motion for leave to file the Third Amended Complaint is **DENIED.**

### **BACKGROUND AND PROCEDURAL HISTORY**

　　　This complaint arises from an injury Plaintiff suffered while using wakeboard boots manufactured by Defendant ("the Atlas boot"). Initially, Plaintiff filed suit against Defendant and Ben Sims, an employee of Defendant named as "Doe 51", in Kern County Superior Court on April

1

24, 2009.¹ The original complaint filed in the state court (case number S-1500-CV-237046), alleged two state law causes of action: products liability and fraud. (Doc. 1, Ex. A) The fraud cause of action alleged that Defendant "knew of design defects and/or other injuries related to the improper design of the subject part but failed to inform the general public." Id. Plaintiff alleged further that "Defendant concealed or suppressed material facts . . . by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts." Id.

Defendant removed the case to this Court on June 8, 2009. (Doc. 1) The Court denied Plaintiff's motion to remand on August 20, 2009. (Doc. 19) On September 10, 2009. The Court granted the defendants' motion to dismiss the fraud and punitive damages claims, with leave to amend. (Doc. 26) The Court dismissed the fraud claim because Plaintiff failed to meet the requirements of Fed. R. Civ. P. 9(b) which require fraud claims to be plead with particularity. The Court determined that the original complaint failed to identify the role that each of the defendants played in the alleged fraudulent scheme. (Doc. 26 at 2-3, 5) The Court specifically granted leave to Plaintiff to amend his fraud claim.

Plaintiff filed his First Amended Complaint on October 2, 2009, alleging products liability, strict liability, and breach of express and implied warranties. (Doc. 27). In doing so, Plaintiff abandoned his fraud claim. Id. In ruling on motions to dismiss the First Amended Complaint, the Court dismissed Ben Sims from the case on November 23, 2009. (Doc. 40) Also, the Court dismissed the breach of warranty claim because Plaintiff failed to adequately identify the particular defects and warnings that made the product defective. (Doc. 40 at 11). The Court dismissed the remainder of the complaint due to its failure to allege facts to support the claims. Once again, the Court granted leave to amend.

Plaintiff filed his Second Amended Complaint on December 9, 2009. In this complaint,

---

¹ A federal court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the docket information relating to Plaintiff's state court case, is subject to judicial notice.

Plaintiff alleged products liability and "failure to properly warn and test the product." (Doc. 41) This pleading remains the operative pleading.

On February 25, 2010, the Court issued the Scheduling Order requiring that all non-dispositive motions to be filed by October 1, 2010 and dispositive motions to be filed by October 15, 2010. (Doc. 47) Upon stipulation and request of the parties, the scheduling order was amended on April 14, 2010 (Doc. 49), and June 15, 2010 to extend the pleading amendment deadline to September 30, 2010. (Doc. 51) The parties filed a third stipulation to amend the scheduling order on July 26, 2010. (Doc. 53) The Court granted this extension in part and denied it in part, noting that "the dates suggested leave insufficient time for filing dispositive motions," and set the deadlines for joint expert disclosure on September 7, 2010, and the joint rebuttal expert disclosure deadline on September 21, 2010. (Doc. 54) The parties' fourth stipulation to modify the Scheduling Order to extend the joint expert disclosure and joint rebuttal disclosure dates (Doc. 72), was denied by the Court on September 1, 2010. (Doc. 73)

On August 26, 2010, Plaintiff moved for leave to file his Third Amended Complaint to add three causes of action to add claims for false advertising, negligent misrepresentation, and intentional misrepresentation.

**ANALYSIS AND DISCUSSION**

Under Fed.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Given the previous amendments, so leave is required for the amended pleading.

The grant or denial of leave to amend a complaint is in the discretion of the court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. Id.

On the other hand, the Court's discretion to deny leave to amend is "particularly broad" where a plaintiff has previously amended his complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990); Fidelity Fin. Corp. v. Fed. Home Loan Bank, 79 F.3d 1432, 1438 (9th Cir. 1986). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen, 911 F.2d at 374.

There are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984); Allen, 911 F.2d at 373. However, these factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

*1. Prior amendments*

As noted, the Court has given Plaintiff the opportunity to amend his complaint beyond the first amendment as a matter of right. Each time, Plaintiff has changed the claims against Defendant, though the claims arise out of the same incident.

In the original complaint in state court, Plaintiff asserted claims for products liability and fraud. (Doc. 27) Notably, Plaintiff alleged that "Defendant concealed or suppressed material facts . . . by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts." (Doc. 1, Ex. A) Despite the Court's express permission to re-assert the fraud cause of action in the Second Amended Complaint, he failed to do so. (Doc. 41) However, Plaintiff raised claims for products liability and for "failure to properly warn and test the product." (Doc. 41) Now, Plaintiff seeks to add claims of false advertising, negligent misrepresentation, and

4

1 | intentional misrepresentation.  (Doc. 61)

2 | In support of the new causes of action, Plaintiff alleged that Defendant began advertising to the public and offering for sale the Atlas Boot beginning on or about January 2007.  (Doc. 61, Ex. A at 6).  In addition, Plaintiff argued,

> On or about January 2008, defendants represented to the public, including Plaintiff, by means of advertisements published on the web and in brochures that the subject part is the stiffest boot in HOS' binding line, and that the product had been through extensive testing ('with proven support and performance') and that it was constructed such that a user's feet would 'release when they should.'

(Doc. 61 Ex. A at 8 and 9).

Plaintiff's counsel explained that Exhibit A to the proposed Third Amended Complaint is an advertisement and a blurb taken from Defendant's website. Plaintiff admits that he had obtained possession of these documents in November and, in fact, produced a copy of the blurb in his initial disclosures made in December 2009.  Plaintiff admits also that in November 2009, he received Defendant's response to his request for production of documents in which Defendant admitted that it had no documents related to the testing of the boot.  However, in the advertisements provided by Defendant, the professional wakeboarder, Chad Sharp–who field-tested an earlier version of the boot–was identified.  Moreover, Defendant reported in November 2009, the names of the people who designed the boot.  Finally, Plaintiff's counsel reported that at his deposition in January 2010, Plaintiff testified as to his concern over the insufficiency of the testing of the boot and as contrasted with the statements made in the advertisements.

Of great significance, Plaintiff asserted in his original complaint that Defendant had mislead him into believing in the quality of the product despite that Defendant "knew of design defects and/or other injuries related to the improper design of the subject part." (Doc. 1, Ex. A)  Under Fed. R. Civ. P. Rule 11(b)(2), an allegation may be made if it is based upon evidentiary support or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Under state law, the requirement is similar.  A Plaintiff is required to state facts "as contradistinguished . . . from the evidence of the facts." <u>Green v. Palmer</u>, 15 Cal. 411, 414 (1860). Based upon this information, the Court finds that Plaintiff was aware of the bases for his new causes of action at the time he filed his Second Amended Complaint.

*2. Undue delay*

In Howey, the Ninth Circuit Court of Appeals observed, "The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." Howey, 481 F.2d at 1191. Thus, by itself, undue delay is insufficient to prevent the Court from granting leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981) (where the Court found a delay of two years, "while not alone enough to support denial, is nevertheless relevant").

When evaluating undue delay, the Court must consider whether "permitting an amendment would ... produce an undue delay in the litigation." Jackson, 902 F.2d at 1387. In addition, a Court should examine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. at 1388; see also Eminence Capital, 316 F.3d at 1052.

Plaintiff argued that he "has not engaged in any undue delay in seeking to file the proposed Third Amended Complaint, and has made a good faith effort to file this motion in a timely manner." (Doc. 62 at 6) Supporting this, Plaintiff stated he informed Defendant in April 2010 of his desire to take the deposition of Sharon Zimmer prior to filing the amended complaint, and her deposition was not taken until August 10, 2010. (Id.) However, when pressed, Plaintiff's counsel reported only that he wished to depose all "material witnesses" before he amended the complaint to be sure that he had the evidence needed to prove the new causes of action. Counsel admitted also, that Ms. Zimmer's deposition did not provide any new evidence upon which the new causes of action are based.[2]

Therefore, this factor weighs against Plaintiff. As Defendant argued, the documents supporting Plaintiff's new claims were in his possession since the end of last year, yet Plaintiff waited to seek leave to file the Third Amended Complaint until August 2010. As Plaintiff stated, the

---

[2] Although the parties offer significant explanation as to the stipulation to file the Third Amended Complaint that Plaintiff sought, there is no evidence that Defendant's conditional agreement to stipulate caused the delay here.

causes of action added to the Third Amended Complaint "arise out of the same facts, and are similar in scope to the causes of action already pled." (Doc. 62 at 5) Though Plaintiff may not have known the facts and theories raised by the amendment at the time of the original complaint filed in state court[3], by his own admission he knew of these facts at the time of he filed his Second Amended Complaint. In fact, review of the Second Amended Complaint shows Plaintiff urged that Defendant "failed to provide adequate warnings to the community and continued to promote the products as safe with knowledge of the inherent risk of injury to the feet and ankles." (Doc. 41 at 5) Such an allegation makes clear that Plaintiff knew how Defendant advertised and promoted the Atlas Boot at the time he filed the Second Amended Complaint.

On the other hand, Plaintiff admits in his moving papers that, "<u>In the beginning of 2010, Plaintiff through counsel informed defendant that they intended to amend the complaint to contain causes of action for mispresentation.</u>" (Doc. 62 at 2) Given this admitted intention, Plaintiff has failed to adequately explain why he did not seek leave to amend the complaint at least by "the beginning of 2010." As noted above, Plaintiff was not required to have evidence of the causes of action at the time of amendment; he was required only to have a reasonable belief that he would obtain the discovery *"after a reasonable opportunity for further investigation or discovery."* Fed. R. Civ. P. 11(b)(2), emphasis added. For the foregoing reasons, the Court finds Plaintiff unreasonably delayed in seeking to file the Third Amended Complaint.

*3. Bad faith*

Plaintiff informed Defendant of his intent to file a Third Amended Complaint, and provided a courtesy copy of the amendments to Defendant two months prior to filing the motion. (Doc. 62 at 7) In addition, Plaintiff and Defendant discussed Plaintiff's desire not to file the Third Amended Complaint until after the deposition of Sharon Zimmer. (<u>Id</u>. at 2)

Defendant argued Plaintiff acted in bad faith in delaying the filing of the Third Amended Complaint: "Plaintiff's primary basis for the delay in filing his Third Amended Complaint was his

---

[3] However, the text of his original complaint severely undercuts this assumption given Plaintiff alleged, "Defendant concealed or suppressed material facts . . . by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts." (Doc. 1, Ex. A)

7

purported need to depose Zimmer. However, this claim is demonstrably false." (Doc. 75 at 4) Supporting this assertion, Defendant argued that Plaintiff failed "to cite even a single piece of information obtained at the deposition that is integral to his 'new' claims." (Id.)

Although misguided, Plaintiff's desire to complete discovery *before* seeking a motion to amend his complaint does not demonstrate that he acted in bad faith. The fact that Plaintiff made his intention to amend known demonstrates also that he did not act in bad faith.

   *4. Futility of amendment*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. Frequently, futility of amendment means that "it was not factually possible for [the] plaintiff to amend the complaint so as to satisfy the standing requirement." Allen, 911 F.2d at 373; see also Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment"). In addition, futility may be found where added claims duplicate existing claims or are patently frivolous, or both. See Bonin, 59 F.3d at 846.

Plaintiff addressed the factor in his Motion and argued, "The additional causes of action contained in the proposed complaint... are all properly plead and assert what Plaintiff believes to be valid causes of action." (Doc. 62 at 6-7) However, at the hearing, Plaintiff admitted that Defendant is no longer selling or advertising the Atlas Boot, though they are apparently available through third party resellers. Given this fact, the relief sought–an injunction to prohibit Defendant from advertising the Atlas Boot–has already been achieved. Thus, there is no relief for the Court to provide. Therefore, this cause of action is futile. However, the two remaining claims are neither duplicate existing claims nor are patently frivolous, and it is not necessary for the complaint to be saved by the amendments. Therefore, this factor, though relevant, only weighs against the Plaintiff on his Third Cause of Action of the proposed Third Amended Complaint.

   *5. Prejudice to the opposing party*

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. Eminence Capital, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. DCD Programs, 833 F.2d at 187; Beeck v.

Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. Eminence Capital, 316 F.3d at 1052.

Plaintiff maintains that no undue prejudice would result if the Court grants leave to file the proposed Third Amended Complaint. Specifically, in his motion Plaintiff stated:

> Theses causes of action arise out of the same set of facts, and are similar in scope to the causes of action already plead. Consequently, the scope and complexity of the litigation will not be increased, and as Defendant has had knowledge of the proposed additional causes of action since June, they have had ample time to prepare for any additional discovery that may be necessary.

(Doc. 62 at 5) Given the looming discovery deadlines, Defendant stated, "HO Sports will have no meaningful opportunity to conduct discovery on Plaintiff's new claims." (Id. at 7) Countering Plaintiff's argument that Defendant had "ample time to prepare for any additional discovery," Defendant made the cogent argument that it could not be expected to conduct discovery on claims that had not been plead, and that the Federal Rules of Civil Procedure prohibit such an action. (Id.)

Moreover, Defendant asserts that Plaintiff's "unreasonable delay in seeking to amend the complaint is highly prejudicial," and notes that the discovery cut-off date is September 30, 2010. (Doc. 62, Ex. J) Defendant argued "[t]he addition of new claims would require HO Sports to conduct further discovery, including a further deposition of Plaintiff," (Doc. 75 at 3), to propound additional written discovery such as contention interrogatories and either locate a new expert regarding the advertising claims or obtain an amended Rule 26 report from Defendant's current expert, assuming the expert has this expertise.

Fed.R.Civ.P 26(b) states that "parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense." Because Plaintiff had not yet plead the claims relating to Plaintiff's reliance on advertisements and the previous fraud claim had been dismissed, Defendant would not have been permitted to conduct discovery on those matters and could not have been expected to do so. Further, the Court agrees with Defendant that the pending discovery deadline is prejudicial to Defendant being able to prepare a defense on the three claims added to the Third Amended Complaint.

Nevertheless, Plaintiff argues that there is no prejudice because the deadlines outlined in the scheduling order merely could be extended to accommodate this renewed discovery effort. Notably, no such motion has been filed seeking to modify the scheduling order. In any event, scheduling orders "are the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3 Cir. 1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."Id. at 610. If a scheduling order could be so easily set aside, considerations of prejudice would hardly be serious concerns in evaluating a motion to amend. Instead, using Plaintiff's rationale, the Court would simply extend all deadlines to allow a party to discover new causes of action brought in the most dilatory fashion. Not so.

## CONCLUSION

The Court has serious concerns about Plaintiff's failure to include the causes of action, raised in the Third Amended Complaint, in his Second Amended Complaint. These concerns mount given that the evidence is significant that Plaintiff knew he wished to seek damages based upon Defendant's alleged misrepresentation at the time he filed his original complaint in state court and all at times since but certainly he knew in November 2009 when he filed his Second Amended Complaint. Why Plaintiff believed that it was important for him to gather the evidence needed to prove these new causes of action before they were plead–and thereby preventing Defendant to conduct a single, comprehensive course of discovery–is completely unexplained.

In light of his failure to include these new causes of action in the Second Amended Complaint and given his undue delay, the futility of the third cause of action and the evidence that Defendant will suffer substantial prejudice if the motion is granted, Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2010**                         /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE