**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY ALTMAN, | CASE NO. 1:09-cv-01000-AWI- JLT |
| Plaintiff, | ORDER GRANTING EXTENSION OF THE DISCOVERY CUT-OFF UNTIL OCTOBER 7 TO ALLOW THE DEPOSITION OF RUSTY MALINOWSKI |
| v. | |
| HO SPORTS COMPANY, INC., dba HYPERLITE, and DOES 1 to 100, | |
| Defendants. / | |

On September 17, 2010, the parties appeared by telephone to jointly request that the

discovery deadline be extended to allow the deposition of third-party witness, Rusty Malinowski.

The parties agree that Mr. Malinowski was properly served a deposition subpoena for a deposition to

occur on September 15, 2010, but the deposition did not proceed because Mr. Malinowski was

unavailable.  Moreover, Mr. Malinowski, a professional wakeboarder, will be out of the country

filming a movie over the next few weeks.  However, Mr. Malinowski is available in early October

and the parties agree that the deposition will be concluded no later than October 7, 2010.

Good cause appearing, the Court **GRANTS** the parties a one-week extension of the non-

expert discovery deadline, until October 6, 2010, to complete the deposition of Rusty Malinowski

**only**.

On the other hand, Defendant requested to be permitted to extend discovery to take the

1

1   deposition of Skylar Dubrow.  Apparently, Dubrow was driving the boat at the time that Plaintiff

2   was injured in the wake-boarding incident.  At the time of his initial disclosure, in December 2009,

3   Plaintiff failed to provide Mr. Dubrow's address.  Likewise, despite having ongoing contact with

4   Debrow, Plaintiff failed to give contact information for Dubrow at his deposition.  Although he

5   agreed to provide this information at the time of his deposition, Plaintiff has failed to do so.  Since

6   this time, Defendant has not propounded additional discovery as to Mr. Dubrow's whereabouts and

7   Plaintiff has failed to amend his initial disclosures to report this witness' address.  Plaintiff oppose

8   Defendant's current request.

9           In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992), the Ninth

10  Circuit Court of Appeals explained,

11          . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party
            seeking the amendment. The district court may modify the pretrial schedule "if it
12          cannot reasonably be met despite the diligence of the party seeking the extension."
            Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover,
13          carelessness is not compatible with a finding of diligence and offers no reason for a
            grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for
14          seeking modification. . . . If that party was not diligent, the inquiry should end.

15  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the

16  litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer,

17  163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, "good cause" requires the parties to demonstrate

18  that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent

19  efforts to comply, because of the development of matters which could not have been reasonably

20  foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at

21  608.

22          Because Defendant has failed to diligently conduct discovery on as to Mr. Dubrow, has failed

23  to make efforts to obtain his contact information by other means[1] and has not served a deposition

24  subpoena on Mr. Dubrow, the Court does not find that good cause exists to amend the scheduling

25  order to allow Defendant to locate, notice and take the deposition of Mr. Dubrow.  Thus,

26  Defendant's request is **DENIED.**  However, this request is without prejudice to Defendant's ability

27

28          [1]For example, using Google or other internet search engine.

2

1   to take the deposition of Mr. Dubrow before the discovery cut-off and without prejudice to any later

2   motion by Defendant to exclude the testimony of this witness at trial based upon Plaintiff's failure to

3   make a proper and full disclosure.

4

5   IT IS SO ORDERED.

6   Dated:   **September 17, 2010**                         **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28