**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFFREY ALTMAN,**          )<br>                                                )<br>            **Plaintiff**,          )<br>     v.                                     )<br>                                                )<br>**HO SPORTS COMPANY, INC., dba**  )<br>**HYPERLITE, and DOES 1 to 100**,  )<br>                                                )<br>            **Defendants.**        )<br>_____) | 1:09-cv-1000  AWI JLT<br><br>ORDER ON OBJECTIONS TO<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>ORDER STRIKING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>(Doc. Nos. 105, 136, 139) |

On October 15, 2010, Defendant filed a motion for summary judgment.  On October 18, 2010, and again on October 25, 2010, Plaintiff filed objections to Defendant's motion.  Plaintiff objected that Defendant did not properly attempt to meet and confer regarding the summary judgment motion, as required by the Scheduling Order.  Specifically, Plaintiff objects that Defendant did not attempt to meet and confer until October 14 or 15, when the deadline for filing the summary judgment motion was October 15.  The Court has received a response from Defendant.  The Court will sustain Plaintiff's objections.

*Background*

Plaintiff's counsel declared that, following the deposition of Plaintiff's treating physician (who also appears to be an expert witness) on October 14, 2010, he informed defense counsel

that he could not continue the deposition that evening and would not be in the office that evening. See Broomand Dec. ¶ 9. On October 14, 2010, at 3:28 p.m., Defendant's counsel e-mailed Plaintiff's counsel in an attempt to meet and confer. See Broomand Dec. Ex. D. The October 14, 2010, e-mail included a copy of Defendant's separate statement of undisputed facts, although Plaintiff maintains that the proposed facts did not include citation to supporting evidence. See Broomand Dec. Ex. E. Plaintiff's counsel declares that, at no time prior to the 3:28 p.m. e-mail did defense counsel attempt to meet and confer regarding a summary judgment motion. See Broomand Dec. at ¶ 11.

On October 15, 2010, at 9:51 a.m., Plaintiff's counsel responded to the October 14 e-mail. Plaintiff's counsel stated that defendant knew that he was out of the office on October 14, he had inadequate time to review the statement of facts, the statements lack citations, the meet and confer effort was too tardy, the motion was a surprise, and that filing a summary judgment motion would be a violation of the Scheduling Order. See Broomand Dec. Ex. E.

At 11:12 a.m. on October 15, 2010, Defendant's counsel responded. Defense counsel disagreed with Plaintiff's characterization, explained that various discovery and scheduling issues had arisen, that the motion was not insincere, and that he remained available to confer even after the motion is filed. See Broomand Dec. Ex. F. Defendant later filed the summary judgment motion the same day. See Court's Docket Doc. No. 105.

On October 26, 2010, the Court ordered Defendant to respond to Plaintiff's objections by November 1, 2010. See Court's Docket Doc. No. 140. The Court also ordered the summary judgment motion to be held in abeyance pending resolution of Plaintiff's objections. See id.

On November 1, 2010, Defendant's counsel responded to Plaintiff's objections. Defense counsel reiterates that the October 15, 2010, deadline became a problem due to agreements to enlarge other discovery deadlines, responding to several substantial discovery and pleading motions filed by Plaintiff, and Defendant's counsel schedule, which included significant travel to the Midwest. See Court's Docket Doc. No. 146. Defense counsel argues that it would be draconian to deprive Defendant of its right to move for summary adjudication and that other remedies should be considered. See id.

*Scheduling Order*

In pertinent part, the Scheduling Order reads:

<u>Motions for Summary Judgment or Summary Adjudication</u>

> Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.
>
> The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.[1]
>
> The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.
>
> In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

Court's Docket Doc. No. 47 at 6:25-7:15 (emphasis in original).

*Resolution*

The Court has considered Plaintiff's objections, the Scheduling Order, and Defendant's response. The Court is not willing to find bad faith by defense counsel. Nevertheless, it is apparent that the Scheduling Order has been violated. Attempting to meet and confer at 3:28 p.m. through an e-mail the day before the summary judgment motion is due (when it appears that defense was informed that Plaintiff's counsel was unavailable), and then again attempting to confer at 11:21 a.m. through an e-mail the day the summary judgment motion is due, is inadequate. Especially if the statement of facts was general and without citations.

The Scheduling Order does not set an express deadline to meet and confer, but it clearly envisions that the party seeking summary judgment will attempt to confer within a reasonable time frame. The more complex an issue or more complex a case, the more time the moving party should give to meet and confer. Defendant should have attempted to meet and confer sooner, or

---

[1] The Court notes that no joint statement of facts was filed in this case.

attempted to reach some form of stipulation with Plaintiff.[2]  Alternatively, when it became apparent that the October 15, 2010, deadline would be problematic, the appropriate course was to petition the Magistrate Judge to modify the Scheduling Order.

      The Court will sustain Plaintiff's objections and strike Defendant's motion as being filed in violation of the Scheduling Order.[3]

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's objections to Defendant's motion for summary judgment are SUSTAINED and Defendant's motion for summary judgment is STRICKEN as filed in violation of the Scheduling Order.[4]

IT IS SO ORDERED.

Dated:   November 3, 2010                 _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The stipulation would have to be approved by the Court since it would alter the scheduling order deadlines.

[3] Defendant cites the five factors of *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) to argue that a lesser sanction than striking the motion is appropriate.  However, *Thompson* involved the sanction of dismissal and the Ninth Circuit's admonition that, prior to ordering dismissal, a district court must consider five factors.  Here, the Court is not ordering the dismissal of the case.  It is simply striking a motion that was filed in violation of a court order.

[4] The Court strikes Defendant's motion for summary judgment without prejudice.  Defendant, if it chooses, may petition the Magistrate Judge to set a new dispositive motions deadline.  Although setting a new dispositive motions deadline also may require the setting of a new trial date, the Magistrate Judge has the discretion to order such new dates and deadlines if she deems it appropriate under the circumstances.