IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALTMAN,<br><br>        Plaintiff,<br><br>     v.<br><br>HO SPORTS COMPANY, INC.,<br>dba HYPERLITE, and DOES 1 to 100,<br><br>        Defendants. | CASE NO. 1:09-cv-01000-AWI- JLT<br><br>ORDER AMENDING SCHEDULING ORDER<br><br>(Doc. 163) |

        Defendant HO Sports Company, Inc., filed a timely motion for summary judgment. (Doc. 105) After Plaintiff objected, the Court struck the motion based upon Defendant's failure to timely and substantively meet and confer with Plaintiff before it was filed. (Doc. 148) In this current motion, Defendant seeks an order extending the deadline by which it may file an amended motion for summary judgment. (Doc. 163). Plaintiff opposes the motion and argues that Defendant has failed to demonstrate good cause to justify modifying the scheduling order.

        On November 19, 2010, the Court heard argument regarding the instant matter. The Court has read and considered the pleadings and arguments of counsel. For the reasons set forth below, the Court **GRANTS** the motion to amend the scheduling order related to dispositive motions and, consequently, modifies the scheduling order related to the pretrial conference and the trial date also.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 25, 2010, the Court issued the scheduling order requiring that all dispositive motions to be filed by October 15, 2010. (Doc. 47) This order required,

> Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion. The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

Id. at 6-7.

On October 15, 2010, Defendant filed its motion for summary judgment. (Doc. 105) Plaintiff objected to the motion and argued that Defendant failed to meet and confer before the motion was filed. (Doc. 136) On November 3, 2010, the Court issued its order striking Defendant's. (Doc. 148) The order reads, "The Court is not willing to find bad faith by defense counsel. Nevertheless, it is apparent that the Scheduling Order has been violated. " Id. at 3. The Court concluded,

> The Court strikes Defendant's motion for summary judgment without prejudice. Defendant, if it chooses, may petition the Magistrate Judge to set a new dispositive motions deadline. Although setting a new dispositive motions deadline also may require the setting of a new trial date, the Magistrate Judge has the discretion to order such new dates and deadlines if she deems it appropriate under the circumstances.

(Doc. 148 at 4, n. 4) Soon thereafter, Defendant filed the instant motion. (Doc. 163)

**DISCUSSION**

Through this motion, Defendant seeks a modification of the scheduling order to allow the parties to meet and confer related to Defendant filing an amended dispositive motion. (Doc. 163 at 10) Defendant argues that Plaintiff has had the complete motion, previously filed, since the time of its filing and that a meaningful "meet and confer" session as to an amended dispositive motion can occur expeditiously. Id.

Defendant alleges that it diligently pursued this litigation but later events, that were unforeseen at the making of the scheduling order, made compliance with the schedule impossible. (Doc. 163 at 5-6) Defendant cites to the numerous motions filed in this case and the time needed to respond to them, delayed discovery efforts by Plaintiff and significant travel requirements due to

discovery demands in this and other cases.  Id.  Likewise, Defendant notes that it stipulated several times to modify the scheduling order to accommodate Plaintiff  and the unavailability of witness Sharon Zimmer, but has never before sought a modification of the scheduling order for itself.  Id.

Plaintiff argues that Defendant does not demonstrate why it "failed to properly meet and confer, which would justify the extension in time in which to file a motion for summary judgment." (Doc. 164 at 6) Plaintiff argues that because Defendant failed to demonstrate good cause for its failure to meet and confer before filing the motion for summary judgment that there is a similar lack of good cause to amend the scheduling order to allow the filing of an amended dispositive motion. However, the factors the Court may consider differ.

Here, the "good cause" standard requires the Court to examine Defendant's diligence. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) To do this, the Court may consider 1.) the party's explanation for the failure to complete the scheduled activity on time, 2.) the importance of the activity, 3.) the potential prejudice in allowing the activity to occur out-of-time, and 4.) the availability of a extension of time to cure any prejudice.  Id.; Robert Half Int'l, Inc. v. Murray, 2008 U.S. Dist. LEXIS 89291 at *5-6 (E.D. Cal. Oct. 22, 2008).

The evidence supplied demonstrates that Defendant conducted and completed its non-expert depositions expeditiously and cooperated in making its employees available for deposition.  (Doc. 136, Ex 1 at 2-3) Except for failing to meet and confer before the filing of its motion for summary judgment, there is no evidence that Defendant failed to comply with any other requirement of the scheduling order.  Importantly, the Court has found already that, though Defendant failed to comply with the scheduling order relative to its dispositive motion, Defendant did not act in bad faith. (Doc. 148 at 3)  Instead, it appears that Defendant failed to appreciate the time needed to satisfy the "meet-and-confer" requirement substantively and, as a result, stipulated to allow the scheduling order to be modified to such an extent that counsel's time constraints, relative to its dispositive motion, were severe.  Id. at 3-6.  Once again, the Court does not find that these stipulations occurred due to any bad faith on Defendant's part but, instead, due to an attempt to cooperate with Plaintiff's counsel and the needs of the litigation. Bateman v. United States Postal Serv., 231 F.3d 1220, 1223 (9th Cir. Cal. 2000)("[W]e lament the decline of collegiality and fair-dealing in the legal profession today, and

believe courts should do what they can to emphasize these values.")

Additionally, the role of summary judgment in modern litigation is important.  The United States Supreme Court has equated the motion for summary judgment as the principal tool "by which factually insufficient claims or defenses could be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources . . ." Celotox Corp. v. Catrett, 477 US 317, 327 (1986).  The Court cautioned, "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Id.

If Defendant's motion here is denied, it will be deprived of its right to seek pretrial disposition of the case.  Notably, the Ninth Circuit has encouraged thoughtful consideration before depriving a party of his ability to participate in dispositive motions.  In Ahanchian v. Xenon Pictures, Inc., 2010 U.S. App. LEXIS 22910 at * 7-9 (9th Cir. Cal. Nov. 3, 2010), the plaintiff sought a one-week extension of time in which to file his opposition to the defendants' motion for summary judgment.  The defendants opposed the request and argued that the plaintiff had failed to establish "good cause" to deviate from the scheduling order. Id. at *8-9.  The district court denied the request, refused to consider the late-filed opposition and granted the motion for summary judgment. Id. at *10-12.

On appeal, the Court held that the plaintiff had sufficiently demonstrated "good cause" for the request and noted that the plaintiff "faced an exceptionally constrained deadline resulting from the peculiar dictates of the local rules for the Central District of California." Ahanchian at *14-15. The Court continued, "Critically, the record is devoid of any indication either that Ahanchian's counsel acted in bad faith or that an extension of time would prejudice defendants. To the contrary, the record reflects that Ahanchian's counsel acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary and stipulating to defendants' earlier request for an extension of time to file their answer and to the twelve-week extension due to two defendants' late appearances." Id. at *17-18.

Similarly here, there is no evidence that Defendant acted in bad faith and it appears that Defendant conformed to the scheduling order in all respects *except* the one at issue. Likewise, Defendant attempted to cooperate with Plaintiff's discovery schedule by stipulating to the modifications to the scheduling order that Plaintiff sought. This left scant time for Defendant to prepare its dispositive motion.[1]

Finally, neither party has alerted the Court to any prejudice that would occur if Defendant is permitted to file an amended motion for summary judgment.[2] Though this would require Plaintiff to participate in the process by meeting and conferring and filing a substantive opposition as necessary, this burden is no greater than on any other plaintiff facing a dispositive motion.[3] For all of these reasons, the Court finds good cause to **GRANT** Defendant's motion to amend the scheduling order.

## **ORDER**

Based on the foregoing and good cause appearing, the motion to modify the scheduling order (Doc. 165) is **GRANTED**. The scheduling order is modified as follows:

1. All Dispositive pretrial Motions shall be filed no later than January 7, 2011 and heard no later than March 7, 2011 at 1:30 p.m., in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    a. If an amended dispositive motion is filed, Defendant is not required to re-file previously filed exhibits and lodged transcripts. If Defendant chooses to rely on

---

[1] The Court fully agrees with Plaintiff's oral argument that failing to meet and confer as required by the scheduling order before filing a motion for summary judgment should not be condoned. The Court's position on this failure was illustrated by Judge Ishii's order striking the motion for summary judgment. The question presented here though, is whether the failure to meet and confer should bar an errant defendant from seeking Rule 56 relief. Based upon the unique and specific facts of this case, the Court finds that this Defendant should not be precluded.

[2] At most, Plaintiff describes that he will be required to incur greater costs than normal because he has already filed the objections to the previously filed motion. (Doc. 164 at 6.) However, Plaintiff could have sought his costs of filing his objections at the time he made them but he did not.

[3] It appears that Plaintiff believes that Judge Ishii's order was intended to be bar to Defendant seeking the current relief. (Doc. 164 at 2, 4, 5) To the contrary, Judge Ishii *specifically* reserved the Court's authority to provide this relief in the order which reads, "The Court strikes Defendant's motion for summary judgment without prejudice. Defendant, if it chooses, may petition the Magistrate Judge to set a new dispositive motions deadline. Although setting a new dispositive motions deadline also may require the setting of a new trial date, the Magistrate Judge has the discretion to order such new dates and deadlines if she deems it appropriate under the circumstances." (Doc. 148 at 4, n. 4)

          previously filed exhibits, Defendant MUST cite to this evidence by citing the docket number <u>and</u> the exhibit number for the evidence already on file.

2.    The Pretrial Conference will be held on April 27, 2011 at 8:30 a.m. in Courtroom 2.

3.    The Trial will be held on July 5, 2011 at 8:30 a.m. in Courtroom 2.

4.    <u>The parties are **ORDERED** to comply with all other requirements of the original scheduling order and all amendments thereto.</u>

IT IS SO ORDERED.

Dated:   **November 19, 2010**                                       /s/ **Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE