IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY ALTMAN, | ) | 1:09-CV-1000  AWI JLT |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| v. | ) | MOTION FOR |
| | ) | RECONSIDERATION |
| HO SPORTS COMPANY, INC., dba | ) | |
| HYPERLITE, BEN SIMS, and DOES 1 | ) | |
| to 100, | ) | (Doc. No. 82) |
| | ) | |
| Defendants. | ) | |
| | ) | |

     This is a state law products liability case brought by Plaintiff Jeffrey Altman ("Altman") against Defendants HO Sports Company, Inc. ("HOS").  The product at issue is a wakeboard boot.  The active complaint in this case is the Second Amended Complaint ("SAC").  The SAC was filed on December 9, 2009.  On August 26, 2010, Altman filed a motion to amend his complaint with the Magistrate Judge.  Altman sought to add three new causes of action: negligent misrepresentation, intentional misrepresentation, and false advertising.  On September 16, 2010, the Magistrate Judge denied the motion.  On September 30, 2010, Altman filed this motion to reconsider the Magistrate Judge's ruling.  For the reasons that follow, Altman's motion will be denied.

**PLAINTIFF'S MOTION**

*Plaintiff's Argument*

     Altman argues that the five factors that a court is to consider under Federal Rule of Civil Procedure 15 weigh in favor of allowing him to file a third amended complaint.

1    First, Altman argues that no undue prejudice will result if amendment is allowed because

2 he is willing to stipulate to a continuance of either the discovery deadline or the trial date.[1]

3    Second, Altman argues that there is no undue delay because, in April 2010, he informed

4 HOS that he wanted to wait until he deposed Ms. Zimmer before amending the complaint.  Due

5 to the premature birth of Ms. Zimmer's child, her deposition was not taken until August 10,

6 2010.  Within days of the deposition, HOS was contacted regarding a stipulation to file an

7 amended complaint.  Further, HOS failed to produce responsive discovery, which delayed in the

8 discovery of the facts that are pled in the proposed amended complaint.

9    Third, as Magistrate Judge Thurston found, the motion to amend was not brought in bad

10 faith.

11    Fourth, there has not been repeated failures to cure deficiencies.  Although two prior

12 amended complaints were filed, neither sought to add the three new proposed causes of action.

13 The claims in the active complaint relate to HOS's knowledge that the current boot was

14 improperly designed, yet still placed the boot out to the public.  The proposed allegations relate

15 to the fact that HOS set forth changes to the advertisements without knowledge as to the veracity

16 of the statements.  While claims of testing were previously known, the fact that HOS did not seek

17 to identify any testing on the product before placing it on the market was not known until August

18 2010.

19    Fifth, the proposed amendment is not futile.  Although the Magistrate Judge thought that

20 the false advertising claim appears to be moot, there were no concerns about mootness or futility

21 as to the other two causes of action.

22    *Defendant's Opposition*

23    HOS argues that Altman is improperly including arguments and evidence that were not

24 presented to the Magistrate Judge.  HOS also argues that there has been no showing that the

25 Magistrate Judge's findings and conclusions were either clearly erroneous or contrary to law.

26 The Magistrate Judge's rulings each have a basis in the record and are supported by proper

27

28    [1]Altman also states that he is willing, and has offered on several occasions, to make himself available to
continue his deposition.

1   analysis.[2]

2        *Magistrate Judge's Ruling*

3        In denying Altman leave to amend, the Magistrate Judge analyzed the appropriate five

4   factors for deciding a motion to amend under Rule 15.  See Court's Docket Doc. No. 78; cf.

5   Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  The Magistrate Judge found

6   that Altman was aware in November 2009 that HOS had no documents regarding testing of the

7   boot and was also aware in December 2009 of the advertising brochure at issue.  See id. at p. 4.

8   Further, at his deposition, Altman testified about his concern over the sufficiency of the testing as

9   contrasted with statements made in advertising.  See id. at 5.  The Magistrate Judge concluded

10  that Altman was aware of the bases for the new causes of action at the time he filed the SAC.

11  See id.

12       With respect to undue delay, the Magistrate Judge found that there was undue delay

13  because the documents that supported the new causes of action were in Altman's possession

14  since "the end of last year," i.e. November/December 2009, and Zimmer's deposition did not

15  provide facts that support the new causes of action.  Id. at 6.  Rule 11 did not require Altman to

16  have every piece of evidence before amending a complaint, rather Rule 11 allows an allegation to

17  be made if the allegation will likely have support after a reasonable time for investigation and

18  discovery.  See id. at 7.  Further, in the moving papers Altman admitted that, in the beginning of

19  2010, he had informed HOS of his intention to included a misrepresentation cause of action.  See

20  id.  Since the beginning of 2010, Altman knew that he wanted to add misrepresentation causes of

21  action and could have done so much sooner.  See id. at 6-7.

22       With respect to bad faith, the Magistrate Judge found that Altman did not act in bad faith.

23  See id. at 7-8.

24       With respect to futility, the Magistrate Judge found that the false advertising claim is

25  futile, but that the remaining two claims for intentional and negligent misrepresentation were not.

26  See id. at 8.

27
    ───────────────────
28       [2]HOS's arguments are lengthier and more in-depth.  Given the resolution of the motion, the Court will
    simply use this "short hand description" of HOS's position.

1   Finally, with respect to prejudice, the Magistrate Judge found that the looming discovery

2   deadlines would not provide sufficient opportunity for HOS to conduct discovery on the new

3   claims and thus, HOS would be hindered in preparing its defense.  See id. at 8-10.  While HOS

4   may have known since early to mid 2010 that Altman may want to allege misrepresentation

5   claims, not only was HOS under no obligation to conduct discovery on unpled causes of action,

6   but the federal rules would prohibit such discovery.

7   The Magistrate Judge's order concluded: "In light of [Altman's] failure to include these

8   new causes of action in the [SAC] and given his undue delay, the futility of the third cause of

9   action and the evidence that [HOS] will suffer prejudice if the motion is granted, [Altman]'s

10  motion to amend is denied."  Id. at 10.

11  *Legal Standards*

12  Rule 15 – Amendments

13  When a party may no longer amend a pleading as a matter of right under Rule of Civil

14  Procedure 15(a)(1), the party must either petition the court for leave to amend or obtain consent

15  from the adverse parties.  Fed. R. Civ. Pro. 15(a)(2); Keniston v. Roberts, 717 F.2d 1295, 1300

16  (9th Cir. 1983).  Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so

17  requires."  Fed. R. Civ. Pro. 15(a)(2); Zucco Partners, LLC v. Digimarc Ltd., 552 F.3d 981, 1007

18  (9th Cir. 2009).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v.

19  Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc.,

20  244 F.3d 708, 712 (9th Cir. 2001).  "This liberality in granting leave to amend is not dependent

21  on whether the amendment will add causes of action or parties."  DCD Programs, Ltd. v.

22  Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  However, a court may deny leave to amend "due to

23  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

24  deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and

25  futility of amendment."  Zucco, 552 F.3d at 1007; Leadsinger, Inc. v. BMG Music Publ'g, 512

26  F.3d 522, 532 (9th Cir. 2008).  Prejudice to the defendant is the most important factor, but

27  amendment may be denied upon a sufficiently strong showing of other factors.  See Eminence

28  Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300.  Where a plaintiff has previously been

4

granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the "district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007; Rubke v. Capital Bancorp, Ltd., 551 F.3d 1156, 1157 (9th Cir. 2009); Metzler Inv. GmbH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008).  Further, a court "does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

Rule 72 – Review Of A Magistrate Judge's Non-Dispositive Orders

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636 (b)(1).  See Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).  If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard.  Fed. R. Civ. Pro. 72(a); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (holding that magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to law").  A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  However, the district court "may not simply substitute its judgment for that of the deciding court."  Grimes, 951 F.2d at 241.  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband, 290 F.3d at 1041.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).  "Motions for reconsideration and objections to a Magistrate

5

1   Judge's order are not the place for a party to make a new argument and raise facts not addressed

2   in his original brief." Jones v. Sweeney, 2008 U.S. Dist. LEXIS 83723, *4 (E.D. Cal. Aug. 21,

3   2008); see Paddington Partners v. Bouchard, 34 F.3d. 1132, 1137-38 (2d Cir. 1994); Campbell v.

4   Cal. Dep't of Corr. & Rehab., 2009 U.S. Dist. LEXIS 71284, *2 (E.D. Cal. Aug. 4, 2009); United

5   States Fire Ins. Co. v. Bunge N. Am., Inc., 244 F.R.D. 638, 641 (D. Kan. 2007).

6        *Discussion*[3]

7        As an initial matter, Altman has not challenged the Magistrate Judge's conclusion that the

8   proposed false advertising cause of action (which is pursuant to California Business and

9   Professions Code § 17500) is futile.  Futility by itself is a ground to deny an amendment.  See

10  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Because Altman does not challenge the

11  finding that his false advertising claim is futile, reconsideration regarding that proposed cause of

12  action is not warranted.  See id.

13       With respect to the remaining causes of action for misrepresentation, Altman has not

14  cited the pertinent law for reviewing a magistrate judge's orders.  Under the appropriate standard

15  of review, reconsideration of a magistrate judge's non-dispositive orders is appropriate under the

16  clearly erroneous or contrary to law standard.  See Osband, 290 F.3d at 1041.  Altman does not

17  adequately address the Magistrate Judge's actual order, and he has not shown how the key

18  findings of the Magistrate Judge are clearly erroneous or contrary to law.

19       With respect to the conclusion that the bases for the misrepresentation claims were

20  sufficiently known to Altman at the time of the SAC, the crux of the proposed misrepresentation

21  claims revolve around inadequate testing and that the boot would properly release.  See Proposed

22  Amended Complaint at ¶¶ 35, 36, 43, 44.  However, allegations that the product was defective

23  because there was inadequate testing and that the boot would not release as expected appeared in

24  the SAC.  See SAC at ¶ 20, 21.  The allegations are essentially the same, with the only significant

25  difference being that the proposed complaint mentions representations on the internet and on

26  brochures.  Otherwise, the issues of inadequate testing and whether the boot would properly

27  ─────────────────

28  [3]The Court will not consider arguments or evidence that were presented to it, but that were not presented to the Magistrate Judge.  See Jones, 2008 U.S. Dist. LEXIS 83723 at *4; United States Fire, 244 F.R.D. at 641.

1   release have been in the case since the filing of the SAC.  Further, there is no dispute that Altman

2   had possession of the advertising brochure at issue, and knew that HOS had no documents

3   regarding testing, at the time of the amended complaint.  Altman has not shown how this

4   conclusion was clearly erroneous or contrary to law.

5          With respect to the conclusion that there was undue delay, the Magistrate Judge

6   concluded that Altman was aware of the bases for the misrepresentation claim at the time of the

7   SAC, i.e. December 2009/January 2010, and Altman had obtained several stipulations for

8   extensions of time that acknowledged his desire to plead these claims.  Further, the similarity in

9   allegations between paragraphs 20 through 21 of the SAC and paragraphs 35 through 36 and 43

10  through 44 of the proposed amended complaint show that the misrepresentation claims could

11  have been added much sooner.  As the Magistrate Judge concluded, given the requirements of

12  Rule 11, there was not a compelling reason to wait eight months, that is just prior to the end of

13  discovery, before formally attempting to amend.[4]  Altman has not shown how the Magistrate

14  Judge's conclusion regarding undue delay was clearly erroneous or contrary to law.

15         With respect to prejudice, Altman does not address the Magistrate Judge's concern

16  regarding the importance of the scheduling deadlines, and in particular the discovery deadline.  It

17  is the close of discovery that created the most significant prejudice.[5]  As the Magistrate Judge's

18  citations indicate, the Ninth Circuit has recognized the importance of scheduling conference

19  orders.  See Court's Docket Doc. No. 78 at p.10 (citing Johnson v. Mammoth Recreations, Inc.,

20  975 F.2d 604, 610 (9th Cir. 1992)).  Although extending deadlines and extending the trial date

21  may alleviate, if not completely eliminate the identified prejudice, there was no formal motion to

22  alter the scheduling order or obtain a new trial date pending at the time Altman's motion to

23

24         [4]Altman received additional information about HOS's testing efforts and some of the bases (or lack thereof)
    for the representations in advertising at the August 2010 deposition of Tom Curtin.  However, the contention that
25  there was inadequate testing (which is what is alleged in the proposed amended complaint), and that the boot would
    not properly release, were already alleged in the SAC.  Cf. SAC ¶¶ 20-21 with Plaintiff's Ex. B at ¶¶ 35-36, 43-44.

26

27         [5]HOS argued that it would need to obtain an advertising expert if permission to file the proposed amended
    complaint was granted.  However, with the finding that the false advertising claim is futile, it would not appear that
    HOS would need an "advertising expert."  In light of the futility of the false advertising claim, at this point the Court
28  does not see prejudice to HOS in terms of expert witnesses.

amend was decided.  Altman has not shown that the Magistrate Judge's conclusion that HOS would suffer prejudice is contrary to law or clearly erroneous.[6]

## **CONCLUSION**

Altman seeks reconsideration of the Magistrate Judge's denial of his motion to amend his complaint.  Because Altman has not shown that Magistrate Judge's findings and conclusions are clearly erroneous or contrary to law, reconsideration is inappropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   December 2, 2010

CHIEF UNITED STATES DISTRICT JUDGE

---

[6]The Court notes that on November 19, 2010, the Magistrate Judge amended the scheduling order.  The dispositive motions deadline, the pre-trial conference date, and the trial date have all been moved.  See Court's Docket Doc. No. 167.